```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


HARRY COOPER,                    :
       Plaintiff
                                 :

       vs.                       :   CIVIL NO. 1:CV-06-0729

RICK HOOVER,                     :
MICHAEL KNAPP,
JOHN WALMER,                     :
RAY COFFMAN,
CHARLES MITCHELL,                :
JAMES GRACE,
SHARON BURK, AND                 :
COUNSELOR SARRA
       Defendants                :
```

*M E M O R A N D U M*

I.   *Introduction*.

      The pro se plaintiff, Harry Cooper, an inmate at SCI-Huntingdon, Pennsylvania, and formerly incarcerated at SCI-Rockview, Bellefonte, Pennsylvania, has filed a civil rights complaint alleging retaliation, in part for having challenged his sentence and for filing grievances.  The defendants are: Rick Hoover, a counselor at Rockview; Michael Knapp, an officer at Rockview; John Walmer, an officer at Rockview; Ray Coffman, a deputy superintendent at Rockview; Charles Mitchell, an officer at Huntingdon; James Grace, the superintendent at Huntingdon; Sharon Burk, an officer at Huntington; and "Counselor" Sarra, a counselor at Huntingdon.

      Pursuant to Fed. R. Civ. P. 12(b)(6), the defendants have filed a motion to dismiss.  In deciding that motion, we

must accept as true the factual allegations in the complaint and construe any inferences to be drawn from them in the plaintiff's favor. *See Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). With this standard in mind, we set forth the background to this litigation, as the plaintiff alleges it.

II.  *Background*.

The complaint alleges the following. Plaintiff was admitted to the sex offender program at Rockview.[1] Defendant Hoover was a counselor for the program. During the course of treatment, when Hoover found out that Plaintiff was appealing his sentence, Hoover warned Plaintiff against doing so, seeing it as an act of denial. After Plaintiff was successful in reducing his sentence in January 2003,[2] Hoover retaliated by: (1) telling Plaintiff he was going to "max" out Plaintiff's sentence; (2) "called staff meetings and chastised Plaintiff"; (3) "demoted" Plaintiff and (4) "wrote false treatment and parole oriented reports." (Compl., p. 2).

---

[1] From a previous habeas proceeding under 28 U.S.C. § 2254, we know that Plaintiff is serving a sentence of nine to eighteen years for the crimes of rape and involuntary deviate sexual intercourse, imposed by the Court of Common Pleas of Philadelphia County on July 26, 1990. His maximum expiration date is August 16, 2007. *See Cooper v. Pa. Bd. of Prob. & Parole*, No. 1:CV-04-2577, doc. 23, slip op. at 3 (M.D. Pa. June 3, 2005).

[2] The complaint also lists another date for the sentence reduction, December 18, 2003. (Compl., addendum, p. 2).

Hoover also: (1) refused to allow prison visits from Plaintiff's daughter (who was not the victim of the crime) even after Plaintiff obtained court approval for the visits; (2) became outraged after Plaintiff's counsel asked him whether he would recommend Plaintiff for release and "raised this point in group treatment sessions, calling plaintiff to the carpet and ridiculing him for being in denial." (*Id.*). Plaintiff was denied parole based on the "false and negative treatment reports." (*Id.*)

The claim against defendant Walmer is based on Walmer's consideration of a grievance Plaintiff had filed. Plaintiff does not specify what the subject of the grievance was but alleges that Walmer told him that Walmer "could not go against" Hoover "as a matter of staff loyalty." (*Id.*, p. 2 addendum). The claim against defendant Knapp is that "within weeks" of Walmer's denial of the grievance, Knapp "facilitated his retaliatory transfer to SCI-Huntingdon." (*Id.*).

After the transfer to Huntingdon,[3] Plaintiff tried again to have visits with his daughter, the daughter who had not been the victim of the crime for which he was imprisoned. Plaintiff submitted a visitor-approval slip on March 25, 2005, but when she attempted to visit Plaintiff on June 26, 2005, she was refused, and defendant Sarra removed her name from the list.

---

[3] According to Ex. D to the complaint, the transfer was on June 15, 2004.

On June 25, 2005, Sarra charged Plaintiff with lying to an employee in connection with the visit.  He was found guilty by defendant Mitchell, and Sarra imposed a punishment of "custody level reduction."  Plaintiff does not allege in his complaint what the visitation issue was about, but the attachments indicate that prison officials believed the daughter was indeed the victim of the crime, contrary to Plaintiff's representation.[4]  Plaintiff appealed to defendant Grace and then to defendant Burk without success.[5]

      Plaintiff seeks declaratory and injunctive relief, and damages.  He requests the following declarations: (1) Hoover violated Plaintiff's First Amendment rights by retaliating against him for seeking: redress from the courts by way of a sentence reduction, redress by filing grievances, and visits from his daughter; (2) the other defendants conspired with Hoover to: deny Plaintiff parole release and visits with his daughter, force him to serve his entire sentence, and give him a "demotional transfer."  (*Id*., p. 3).  He requests the following injunctive relief: (1) removal of all false and misleading information in his prison files; (2) removal of all the prejudicial reports Hoover wrote; and (3) permission to visit

---

    [4] Plaintiff also alleges she was over twenty-one years old at the time he wanted her to visit.

    [5] According to Ex. E to the complaint (the initial review response to Plaintiff's grievance), Plaintiff was disciplined for attempting to circumvent Visiting Room regulations.

with nonvictim family members. He requests damages against each of the defendants, but only in the form of punitive damages.

III. *Discussion*.

In moving to dismiss, Defendants first argue that Plaintiff cannot assert a retaliation claim because the adverse actions allegedly taken against him did not deter him from filing suit or affect his ability to file prison grievances. Defendants cite no authority for this argument, and we reject it.

A retaliation claim has three elements: (1) the plaintiff engaged in a constitutionally protected activity; (2) he suffered "some adverse action" at the hands of a prison official; and (3) "a causal link between the exercise of [the] constitutional right[ ] and the adverse action taken." *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). An adverse action must be "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights.'" *Id*. (quoted case omitted)(brackets in *Rauser*). Thus, the requirement is not whether the plaintiff was personally deterred but whether a person of ordinary firmness would be. *See Kwanzaa v. Brown*, 2006 WL 2403978 at *16 (D.N.J.)(inmate plaintiff who was not deterred from filing lawsuits or prison grievances could bring retaliation claim).

Defendants next argue that Plaintiff cannot base his civil-rights claim on verbal abuse. Plaintiff responds that he did not intend to base his retaliation claim on the verbal abuse alleged in the complaint, having listed these allegations solely to indicate Hoover's state of mind. Since Plaintiff has indicated that he does not rely on the verbal abuse, we will provide in our order that verbal abuse is dismissed as a basis for the retaliation claim.[6]

Defendants next argue inmates have no constitutional right to prison visits, so any claim based on the denial of family visits must fail. We disagree. Even if we assume inmates have no First Amendment associational right to family visits, a denial of family visitation can be a constitutional tort if it was motivated by a desire to punish the plaintiff for the exercise of a constitutional right. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). Here, Plaintiff has alleged that he was punished for challenging his sentence and for filing grievances by denial of a visit from his daughter. This states a valid retaliation claim.

Defendants also argue that, in any event, Plaintiff's own complaint and attached exhibits show that he was denied a visit from his daughter at Huntingdon not because of retaliation

---

[6] Specifically, verbal abuse would be Hoover's "call[ing] staff meetings and chastis[ing] Plaintiff" and raising Plaintiff's sentencing appeal "in group treatment sessions, calling plaintiff to the carpet and ridiculing him for being in denial."

6

but because she was listed as a victim of his crime.  Even if this was erroneous, Defendants argue they could rely on this information in disciplining him by a reduction in custody level.  This argument has force, but it is properly made by way of summary judgment under the appropriate burden of proof.  *See Rauser, supra*, 241 F.3d at 333.

Defendants next attack the allegation that Plaintiff was transferred to Huntingdon as retaliation for filing a grievance, asserting that it is merely a "bald-faced" allegation insufficient to "show" a connection between Plaintiff's treatment at SCI-Rockview and his transfer to Huntingdon.  We disagree.  At the pleading stage, Plaintiff need only allege "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Thomas v. Independence Twp.*, 463 F.3d 285, 295 (3d Cir. 2006)(quoting Fed. R. Civ. P. 8(a)).  Plaintiff's allegations are sufficient.

Finally, Defendants argue that Plaintiff's allegations that Hoover retaliated against him are defectively bald-faced because the Parole Board has denied him parole both before and after Hoover's alleged retaliatory acts, including his recommendation that parole be denied, and each time the Board has used basically the same language in doing so.  We reject this argument because the retaliatory act, the "adverse action" for the purpose of a retaliation claim, is the recommendation of parole denial, not the actual denial of parole.

        We will issue an appropriate order.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: December 8, 2006

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


HARRY COOPER,                      :
          Plaintiff
                                   :

          vs.                      :    CIVIL NO. 1:CV-06-0729

RICK HOOVER,                       :
MICHAEL KNAPP,
JOHN WALMER,                       :
RAY COFFMAN,
CHARLES MITCHELL,                  :
JAMES GRACE,
SHARON BURK, AND                   :
COUNSELOR SARRA
          Defendants               :
```

*O R D E R*

AND NOW, this 8th day of December, 2006, it is ordered that Defendants' motion (doc. 14) to dismiss the complaint is denied except that no retaliation claim can be based on the verbal abuse alleged in the complaint.

/s/William W. Caldwell
William W. Caldwell
United States District Judge
