IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


HARRY COOPER,                          :
       Plaintiff
                            :

       vs.                             :   CIVIL NO. 1:CV-06-0729

RICK HOOVER,                           :
MICHAEL KNAPP,
JOHN WALMER,                           :
RAY COFFMAN,
CHARLES MITCHELL,                      :
JAMES GRACE,
SHARON BURK, AND                       :
COUNSELOR SARRA
       Defendants                      :


*M E M O R A N D U M*

I.   *Introduction*

       The pro se plaintiff, Harry Cooper, formerly an inmate at SCI-Huntingdon, Pennsylvania, but now released, has filed a letter-motion for appointment of counsel. In this civil-rights case, Plaintiff alleges the defendants conspired to retaliate against him, in part for having successfully challenged his sentence and for filing grievances. The defendants are prison officials at SCI-Rockview, Rockview, Pennsylvania, where Plaintiff had also been incarcerated, and at Huntingdon.

       In support of his motion for an attorney, Plaintiff alleges he knows little about the law, having had the assistance of jailhouse lawyers while he was imprisoned.

II.  *Discussion.*

This is a civil action, not a criminal one. A plaintiff in a civil action has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor does the court have the authority to compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel," (emphasis added), not that the court can order the attorney to do so.

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel. *Montgomery,* 294 F.3d at 498, and the decision can be made at any point in the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not

appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted).

If the plaintiff's case satisfies this initial test, the district court must consider the "*Tabron* factors," *Montgomery*, 294 F.3d at 505, although these factors are not meant to be exhaustive. *Tabron*, 6 F.3d at 157. The factors are:

> 1.  the plaintiff's ability to present his or her own case;
>
> 2.  the difficulty of the particular legal issues;
>
> 3.  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>
> 4.  the plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5.  the extent to which a case is likely to turn on credibility determinations, and;
>
> 6.  whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57). More generally, we can consider the problems a plaintiff faces in pursuing his claims if he is confined as a prisoner or confined in some other way. *Tabron*, *supra*, 6 F.3d at 156.

"[V]olunteer lawyer time is a precious commodity, *Montgomery,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at

505 n.10. However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met," the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Plaintiff has satisfied the threshold requirement; we denied the defendants' motion to dismiss except for any claim based on verbal abuse. *Cooper v. Hoover*, 2006 WL 3544711 (M.D. Pa. Dec. 8, 2006). Looking at the *Tabron* factors, we conclude that the sixth factor, the need for an expert witness, plays no part here. On the first factor, Plaintiff has presented us with no reason why he cannot present his own case. He does say he has little knowledge of the law, but that is true of every lay litigant, and his letter-motion indicates an ability to communicate and hence an ability to understand the legal issues involved. On the second factor, the legal issues do not appear to be difficult. On the third factor, Plaintiff is now out of prison and should be able to conduct any factual investigation required. Since the Plaintiff is out of prison, he should also have the ability to retain counsel on his or her own behalf.[1] The only factor that favors Plaintiff is the fifth one, the extent to which a case is likely to turn on credibility determinations. On balance, we conclude we should not appoint counsel at this time.

---

[1] He should consult with the local legal aid society.

4

We will issue an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 8, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


HARRY COOPER,                          :
       Plaintiff
                             :

       vs.                          :   CIVIL NO. 1:CV-06-0729

RICK HOOVER,                           :
MICHAEL KNAPP,
JOHN WALMER,                           :
RAY COFFMAN,
CHARLES MITCHELL,                      :
JAMES GRACE,
SHARON BURK, AND                       :
COUNSELOR SARRA
       Defendants                   :


<u>O R D E R</u>


      AND NOW this 8th day of November, 2007, it is ordered that Plaintiff's letter-motion for appointment of counsel (doc. 28) is denied.


                                  <u>/s/William W. Caldwell</u>
                                  William W. Caldwell
                                  United States District Judge