```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

HARRY COOPER,                    :
      Plaintiff
                              :

      vs.                        :     CIVIL NO. 1:CV-06-0729

RICK HOOVER,                     :
MICHAEL KNAPP,
JOHN WALMER,                     :
RAY COFFMAN,
CHARLES MITCHELL,                :
JAMES GRACE,
SHARON BURK, AND                 :
COUNSELOR SARRA
      Defendants              :


*M E M O R A N D U M*

We are considering the defendants' motion for summary judgment. The pro se plaintiff, Harry Cooper, formerly an inmate at SCI-Huntingdon, Pennsylvania, but now released, filed this civil-rights case, alleging the defendants conspired to retaliate against him, in part for having successfully challenged his sentence and for filing grievances. The defendants are prison officials at SCI-Rockview, Rockview, Pennsylvania, where Plaintiff had also been incarcerated, and at Huntingdon.

We provide pertinent procedure history. Plaintiff filed his complaint on April 7, 2006. The defendants filed a motion to dismiss on July 21, 2006, which we denied on December 8, 2006, except for any claims based on verbal abuse. *See Cooper v. Hoover*, 2006 WL 3544711 (M.D. Pa.). On March 28, 2007, we set the discovery deadline for August 1, 2007, with all pretrial motions

to be filed by September 10, 2007. On September 13, 2007, the defendants moved for an extension of the pretrial-motions deadline, which we granted until October 10, 2007. On September 20, 2007, Plaintiff filed a motion to extend the discovery period for ninety days, and we denied that motion on September 28, 2007.

The defendants filed their summary-judgment motion on October 10, 2007. After review, we conclude it cannot be granted because the motion does not meet the defendants' initial burden on summary judgment to identify those portions of the record demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2253, 91 L.Ed.2d 265 (1986). It is instead essentially a second motion to dismiss under Fed. R. Civ. P. 12(b)(6), which is not proper under the Third Circuit's interpretation of *Celotex* in *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 84 n.2 (3d Cir. 1987).[1]

The defendants' motion and brief simply cite to Plaintiff's complaint as the record and assert that Plaintiff has no affirmative evidence to support his claims, but as the Third Circuit stated in *Wisniewski*, quoting Justice Brennan's dissent in *Celotex*, that is not enough:

> [A] conclusory assertion that the nonmoving
> party has no evidence is insufficient....
> Rather, as the Court confirms, a party who
> moves for summary judgment on the ground that
> the nonmoving party has no evidence must
> affirmatively show the absence of evidence in

---

[1] As noted, on the defendants' first motion to dismiss, we allowed the case to proceed.

2

> the record.... This may require the moving
> party to depose the nonmoving party's
> witnesses or to establish the inadequacy of
> documentary evidence. If there is literally no
> evidence in the record, the moving party may
> demonstrate this by reviewing for the court
> the admissions, interrogatories and other
> exchanges between the parties that are in the
> record.

*Wisniewski*, 812 F.2d at 84 n.2 (quoting *Celotex*, *supra*, 477 U.S. at 332, 106 S.Ct. at 2557 (Brennan, J., dissenting)). *Accord Handeen v. Lemaire*, 112 F.3d 1339, 1346-47 (8th Cir. 1997)("Any contrary rule would be fundamentally unfair and would permit a defendant, with very little effort on its own part, to place upon a plaintiff an unwarranted responsibility to substantiate each element of its case or face summary dismissal.").[2]

We know from Plaintiff's motion to extend the discovery period that he has made no discovery. In these circumstances, although we had earlier denied Plaintiff's motion to extend discovery, we will allow an additional period of discovery after all. In the interest of judicial economy, the court wants to know if there is any evidence to support this case before it goes to trial.

---

[2] At the very least, Defendants in prisoner civil rights cases file penalty-of-perjury declarations affirming that they did not engage in any unconstitutional conduct, building a record that way.

Thus, we will extend the discovery period for another ninety days. We will also provide another opportunity for the filing of pretrial motions.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 6, 2008

```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


HARRY COOPER,                      :
        Plaintiff
                                   :

        vs.                        :   CIVIL NO. 1:CV-06-0729

RICK HOOVER,                       :
MICHAEL KNAPP,
JOHN WALMER,                       :
RAY COFFMAN,
CHARLES MITCHELL,                  :
JAMES GRACE,
SHARON BURK, AND                   :
COUNSELOR SARRA
        Defendants                 :
```

*O R D E R*

AND NOW, this 6th day of February, 2008, it is ordered that:

    1. Defendant's motion (doc. 29) for summary judgment is denied.

    2. The discovery period is extended until April 11, 2008.

    3. The parties shall have thirty days after the close of discovery to file dispositive pretrial motions.

    4. Defendants' motion (doc. 34) to strike Plaintiff's opposition brief (doc. 32) is denied.

                                      /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge